UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD JOHNSON,

       Petitioner,

                                    CASE NO. 2:13-cv-10585
v.                                 JUDGE SEAN F. COX
                                    MAGISTRATE JUDGE PAUL KOMIVES

JEFFREY WOODS,

       Respondent.
_____/

**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT (docket #12)**

I.      RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.     REPORT:

A.     *Procedural Background*

Petitioner Reginald Johnson is a state prisoner, currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. Petitioner is currently serving a sentence of 15-30 years' imprisonment imposed following his 2007 state court convictions for carjacking, armed robbery, and assault with intent to commit great bodily harm. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- On May 24, 2007, petitioner was convicted of carjacking, armed robbery, and assault with intent to commit murder following a jury trial in the Wayne County Circuit Court. On June 14, 2007, the trial court sentenced petitioner to three concurrent terms of 15-20 years' imprisonment.

- Petitioner, through counsel, filed an appeal of right in the Michigan Court of Appeals. The court of appeals concluded that the evidence was insufficient to support petitioner's assault with intent to commit murder conviction, and remanded for entry of a judgment of guilt on assault with intent to commit great bodily harm and for resentencing. In all other respects, the court of appeals affirmed petitioner's convictions and sentences. *See People v. Johnson*, No. 278955, 2008 WL 4724317 (Mich. Ct. App. Oct. 28, 2008). The Michigan Supreme Court subsequently denied petitioner's application for leave to appeal. *See People v. Johnson*, 483 Mich. 1032, 765 N.W.2d 617 (2009).

- Meanwhile, on December 28, 2008, the trial court resentenced petitioner to two concurrent terms of 15-30 years' imprisonment on the carjacking and armed robbery convictions, and to a concurrent term of 5-10 years' imprisonment on the assault conviction.

- After his resentencing, and while his appeal was still pending in the Supreme Court, petitioner filed a second claim of appeal in the Michigan Court of Appeals. On July 27, 2009, the court of appeals dismissed the appeal pursuant to the stipulation of the parties. *See People v. Johnson*, No. 290280 (Mich. Ct. App. July 27, 2009). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

- On October 7, 2010, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on February 18, 2011. *See People v. Johnson*, No. 07-5580-02-FC (Wayne County, Mich., Cir. Ct. Feb. 18, 2011).

- Petitioner sought leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application in a standard order on May 21, 2012. *See People v. Johnson*, No. 307473 (Mich. Ct. App. May 21, 2012).

- Petitioner thereafter sought leave to appeal in the Michigan Supreme Court. That court denied petitioner's application for leave to appeal in a standard order on Nov. 20, 2012. *See People v. Johnson*, 493 Mich. 891, 822 N.W.2d 579 (2012).[1]

---

[1] At the time he filed his habeas application, petitioner also filed a motion to hold the case in abeyance pending exhaustion of additional claims. The Court granted the motion on March 19, 2013, and entered an Order administratively closing the case. Petitioner submitted a letter to the Court dated July 12, 2013, indicating that he had not obtained an attorney and therefore did not file a further motion for relief from judgment in the state court, and asking that his habeas petition be reinstated. The Court granted the motion and reopened the case on October 24, 2013. Because it does not affect the analysis, I assume that petitioner complied with the terms of the Court's stay and that the limitations period stopped on the date petitioner filed his initial habeas application.

On February 6, 2013, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Petitioner raises six grounds for relief: (1) judicial bias; (2) improper jury instructions; (3) insufficient evidence; (4) ineffective assistance of counsel in failing to call a witness; (5) ineffective assistance of counsel in failing to request appointment of an expert witness; and (6) vindictive sentencing.[3] Respondent filed a motion for summary judgment on April 15, 2014, arguing that petitioner's habeas application is untimely. On July 17, 2014, petitioner filed a response to the motion. For the reasons that follow, the Court should grant respondent's motion for summary judgment and deny petitioner's motions.

B.   *Statute of Limitations*

  1.   *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[2]Although petitioner's application is file-stamped February 11, 2013, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated February 6, 2013. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on February 6, 2013.

[3]Petitioner raises a seventh ground for relief–namely, that ineffective assistance of trial and appellate counsel establish cause and prejudice. This claim does not appear to assert an independent ground for relief, but a basis for overcome any procedural bar to petitioner's claims.

3

> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[4]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Petitioner does not argue that subparagraphs (B)-(D) apply, and thus the default provision of subparagraph (A) applies. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v.*

---

[4]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

*Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Because petitioner had two separate direct appeals, one from his original sentence and conviction and one from his resentencing, there are two possible starting dates for the limitations period. Using either starting date, petitioner's application is untimely. With respect to petitioner's first appeal, the Michigan Supreme Court denied leave to appeal on June 3, 2009. His conviction became final 90 days later–or on September 1, 2009–when his time for seeking *certiorari* in the United States Supreme Court expired. *See* SUP. CT. R. 13. The limitations period therefore commenced on September 2, 2009, and expired on September 2, 2010. Because petitioner's application was not filed until February 6, 2013, nearly 2½ years after the expiration of the limitations period, the application is untimely unless the limitations period was tolled for any reason.

Likewise, petitioner's application is untimely if the second appeal is used as the appropriate starting date. *See Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (where petitioner is resentenced in state court, "[t]he judgement became final upon the conclusion of direct review of the new sentence he received at resentencing."). Petitioner's appeal after resentencing was dismissed by stipulation on July 27, 2009. Petitioner did not seek further review in the Michigan Supreme Court. Where, as here, petitioner does not seek review which he is entitled to seek under state law, the conviction becomes "final" upon the conclusion of the time for seeking that review.

*See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Therefore, petitioner's conviction became final, and the limitations period commended running, 56 days after the dismissal of his appeal, *see* MICH. CT. R. 7.302(C)(2). Thus, the limitations period commenced on September 22, 2009, and expired on September 22, 2010, absent any tolling.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on October 7, 2010. By this time, the limitations period had been expired for at least 15 days (based on the later, resentencing date commencement of the limitations period). It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Thus, defendant's motion for relief from judgment had no tolling effect, and petitioner's application is untimely.[5]

---

[5]Pursuant to MICH. CT. R. 7.205(F) as it existed at the time of petitioner's resentencing (now codified at MICH. CT. R. 7.205(G) and providing only a six month delayed appeal period), a defendant had one year in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. Petitioner cannot benefit from this period, however, because he in fact filed a claim of appeal (although he subsequently voluntarily dismissed that appeal). The late appeal rule by its terms provides that a delayed application for leave to appeal may be filed only "[w]hen an appeal of right was not timely filed or was dismissed for lack of jurisdiction, or when an application for leave to appeal was not timely filed . . . ." MICH. CT. R. 7.205(G)(1). Petitioner filed a timely claim of appeal, and that appeal was not dismissed for lack of jurisdiction. The rule further explicitly provides that "[i]n a criminal case, the defendant may not file an application for leave to appeal from a judgment of conviction and sentence if the defendant has previously taken an appeal from that judgment by right or by leave granted or has sought leave to appeal that was denied." MICH. CT. R. 7.205(G)(2). Once petitioner's claim of appeal had been voluntarily dismissed, he had "previously taken an appeal from" the resentencing judgment, and a delayed application for leave to appeal was no longer available to him. Although petitioner is correct that there is no case law addressing the circumstances present here, it is well established that the Michigan Court Rules are interpreted according to the plain and ordinary meaning of the words used,

2.  *Equitable Tolling*

Notwithstanding the foregoing, petitioner contends that he is entitled to equitable tolling of the limitations period based on counsel's stipulated dismissal of his second appeal. The Court should disagree. The habeas limitations provision set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)); *see also*, *Holland*, 560 U.S. at 649. "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Importantly, diligence alone is not sufficient; petitioner must also show that some extraordinary circumstance prevented him from timely filing his petition. *See Mathis v. Thaler*, 616 F.3d 461, 474-76 (5th Cir. 2010) (petitioner not entitled to equitable tolling even though he had acted diligently).

Petitioner contends that counsel was ineffective for stipulating to dismissal of his appeal, and

---

*see In re KH*, 469 Mich. 621, 628, 677 N.W.2d 800, 803 (2004); *Ladd v. Motor City Plastics Co.*, 303 Mich. App. 83, 96, 842 N.W.2d 388, 396 (2013), and when the "language is unambiguous, [a court] must enforce the meaning expressed, without further judicial construction or interpretation." *In re KH*, 469 Mich. at 628, 677 N.W.2d at 803.

I note, however, that if the Court disagrees with this conclusion and determines that petitioner is entitled to the one year delayed appeal period, his petition is timely. Petitioner was resentenced on December 28, 2008. Thus, the one year period in which to file a delayed application for leave to appeal commenced on December 29, 2008, and expired one year later on December 29, 2009. The one year limitations period under § 2244(d) commenced on that date, and 283 days elapsed before petitioner filed his motion for relief from judgment on October 7, 2010. The limitations clock started running again on November 21, 2012, when the Michigan Supreme Court denied petitioner's application for leave to appeal, and ran for an additional 77 days until petitioner filed his habeas application on February 6, 2013. Thus, if petitioner's limitations clock did not start until the one year delayed appeal period expired, he used only 360 of the 365 days on the limitations clock, and his application is timely.

7

that counsel's doing so violated *Anders v. California*, 386 U.S. 738 (1967). At the outset, petitioner's reliance on *Anders* is misplaced. Under *Anders*, if counsel concludes that an appeal would be wholly frivolous, counsel must: (1) so advise the appellate court; (2) request permission to withdraw; and (3) file "a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. A copy must be furnished to the defendant, and the defendant must be afforded an opportunity to raise any points he wishes to raise. *See id*. The appellate court must then examine the record and determine whether the appeal is frivolous, in which case the court may grant counsel's request to withdraw and dismiss the appeal. If the court finds "any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id*. Here, however, counsel did not seek to withdraw against the wishes of petitioner, as in *Anders*. Rather, petitioner expressly stipulated to dismissal of the appeal. In connection with the stipulation to dismiss the appeal, petitioner filed an affidavit in which he averred that "after having reviewed the case with my appellate counsel, it is my desire to cease all proceedings required in connection with the appellate proceedings in the above case," and that he "hereby direct[s] my appellate counsel not to proceed with appellate proceedings in the above matter." Aff. of Reginald Johnson, in *People v. Johnson*, No. 290280 (Mich. Ct. App.) (this Court's docket #13-18, p.5). *Anders* does not require the filing of a brief by counsel where a defendant accepts his counsel's advice and voluntarily dismisses an appeal. *See Jones v. Estelle*, 584 F.2d 687, 691 (5th Cir. 1978); *United States v. Brunshtein*, 545 F. Supp. 2d 357, 362 (S.D.N.Y. 2008); *Miller v. United States*, No. 02-cr-266, 2005 WL 2990193, at *9 (W.D. Mich. Nov. 8, 2005).

Even if counsel's advice to dismiss the appeal amounted to constitutionally ineffective

assistance of counsel, petitioner is not entitled to equitable tolling of the limitations period. To be entitled to equitable tolling, a petitioner must "show a causal connection between the allegedly extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011); *see also*, *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013); *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). Here, petitioner cannot show such a causal connection. Petitioner does not suggest that he was unaware of the dismissal of the appeal; on the contrary, the record indicates that petitioner was well aware of the stipulation and agreed to the dismissal of the appeal. Even if counsel's advice caused petitioner to lose his ability to pursue some claims, it did not cause petitioner to lose his ability to file a timely habeas corpus petition, or a timely state postconviction motion that would have tolled the limitations clock. Petitioner was aware that the appeal had been dismissed, and should have known at that point that the limitations clock had begun. Nothing in counsel's advice regarding the appeal affected petitioner's ability to file a timely habeas application. "In other words, there was no causal connection between . . . counsel's alleged ineffective assistance and [petitioner's] failure to file the instant petition in a timely manner." *Miller v. Morgan*, No. 12-1115, 2014 WL 1231076, at *4 (D. Del. Mar. 20, 2014); *see also*, *Randle v. Crawford*, 604 F.3d 1047, 1055 (9th Cir. 2010) ("In this case, Randle has not suggested any such causal connection between his state-appointed counsel's failure to perfect a direct appeal timely and his own failure to file his federal habeas petition timely."). Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling of the limitations period, and that his petition is therefore untimely.

C.     *Recommendation Regarding Certificate of Appealability*

    1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court

10

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.  *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. As noted above, it is clear that petitioner's habeas application is untimely under § 2244(d)(1)(A). Moreover, because petitioner has

11

failed to establish a causal connection between his appellate counsel's alleged ineffective assistance and his failure to file a timely habeas application, there can be no reasonable debate that petitioner is not entitled to equitable tolling of the limitations period. Accordingly, the Court should deny petitioner a certificate of appealability.

D.   *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: July 29, 2014                              s/ Paul J. Komives
                                                        PAUL J. KOMIVES
                                                        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 31, 2014, electronically and/or by U.S. mail.

                                                        s/Michael Williams
                                                        Case Manager for the
                                                        Honorable Paul J. Komives