UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Reginald Johnson,

    Petitioner,

v.                                           Case No. 13-10585

Jeffrey Woods,                        Honorable Sean F. Cox
                                                         Magistrate Judge Paul Komives

    Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING JULY 29, 2014 REPORT AND RECOMMENDATION

Petitioner Reginald Johnson ("Petitioner") is a state prisoner. Petitioner is currently serving a sentence of 15-30 years' imprisonment imposed following his 2007 state court convictions for carjacking, armed robbery, and assault with intent to do great bodily harm.

Proceeding *pro se*, Petitioner filed this application for writ of habeas corpus pursuant to 28 U.S.C. section 2254(d) on February 6, 2013. (Doc. #1).

Respondent Jeffrey Woods ("Respondent") filed a Motion for Summary Judgment on April 15, 2014, arguing that Petitioner's application is barred by the one year statute of limitations. (MSJ, Doc. #12). Petitioner responded on July 17, 2014. (Doc. #16). The Court referred the matter to Magistrate Judge Paul J. Komives for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #14).

Magistrate Judge Komives issued a Report and Recommendation on July 29, 2014 ("R&R") wherein Magistrate Judge Komives recommends that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's application for writ of habeas corpus.

1

Magistrate Judge Komives found that the limitations period on Petitioner's section 2254 claim ended, at the latest, in September 2010, absent any tolling. Magistrate Judge Komives rejected Petitioner's argument that the limitations period should be equitably tolled due to his appellate counsel's ineffective assistance. On this point, Magistrate Judge Komives found that Petitioner failed to establish that his appellate counsel was ineffective, and failed to show any causal connection between his counsel's ineffective assistance and his own failure to timely file a habeas corpus petition.

Petitioner timely filed objections to the July 29, 2014 R&R. (Doc. #18). Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id*. "The district judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Court finds that Petitioner has lodged no proper objections to the Magistrate Judge's July 29, 2014 R&R. Petitioner has filed thirty-nine pages of purported objections, but has not provided any basis for concluding that the Magistrate Judge's analysis is factually or legally defective.

Petitioner has not seriously challenged the Magistrate Judge's finding that the statute of limitations began running at the conclusion of the state's direct review of Petitioner's conviction, or in September of 2009. Petitioner did not file his application for writ of habeas corpus until February of 2013. On its face, Petitioner's application is untimely.

Further, Petitioner has failed to seriously challenge the Magistrate Judge's finding that equitable tolling does not apply here, where Petitioner has failed to show that any extraordinary circumstances prevented him from timely filing his petition. (R&R at 9). Therefore, Petitioner has failed to provide this Court with any reason to reject the Magistrate Judge's July 29, 2014 R&R. Furthermore, this Court agrees with the Magistrate Judge's analysis.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby ACCEPTS AND ADOPTS Magistrate Judge Komives's July 29, 2014 Report and Recommendation (Doc. #17). The Court hereby ORDERS:

1) Respondent's Motion for Summary Judgment (Doc. #12) is GRANTED;

2) Petitioner's Application For A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DISMISSED AS UNTIMELY;

3) Petitioner's Request for a Certificate of Appealability is DENIED.

**IT IS SO ORDERED.**

Dated:  January 29, 2015                              S/ Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Judge

I hereby certify that on January 29, 2015, the foregoing document was served on counsel of record via electronic means and upon Reginald Johnson via First Class mail at the address below:

Reginald Johnson
650121
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

                                                       S/ J. McCoy
                                                       Case Manager

3